**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **NICHOLAS WAYNE PARKS,** | | |
| | * | |
| **Plaintiff,** | | |
| **v.** | * | **Case No.: GJH-21-2451** |
| | | |
| **ADMINISTRATOR OF MEDICAL**, *et al.*, | | |
| | * | |
| **Defendants.** | | |
| | * | |

*      *      *      *      *      *      *      *      *      *      *      *      *

**MEMORANDUM OPINION**

While incarcerated at the Wicomico County Detention Center ("WCDC") in Salisbury, Maryland, self-represented Plaintiff Nicholas Wayne Parks filed this 42 U.S.C. § 1983 action against Defendants WCDC and Officer Moore (collectively, "County Defendants"), the "Administrator of Medical," and Well-Path, the "Policy Maker for Medical."   The Complaint, which Parks supplemented multiple times, alleges that he was subjected to excessive force and verbal harassment, and that medical staff were deliberately indifferent to his medical needs.  ECF No. 1.  Pending before the Court is Plaintiff's Motion to Appoint Counsel, ECF No. 11, Motion for Discovery, ECF No. 13, and Motion for Modification of Injunction into a Preliminary Injunction and Temporary Restraining Order, ECF No. 14, as well as County Defendants' Motion for Summary Judgment, ECF No. 16.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  The "Administrator of Medical" and Well-Path were not served with the Complaint, and the claims against them shall be dismissed without prejudice.  For the following reasons, County Defendants' Motion is granted, and Plaintiff's Motions are denied.

I.      BACKGROUND

A. Plaintiff's Allegations

In his complaint and its supplements, Plaintiff alleges that on August 18, 2021, Officer Moore, Officer Johnson, and Sgt. Preston entered his cell for a search.  Complaint, ECF No. 1 at 5.  Plaintiff states that he told the officers "no" before they entered.  Correspondence, ECF No. 8 at 1.  He claims that Officer Moore punched him in the face, which knocked him out, and that Officers Moore and Johnson slammed him into the bunk, injuring his back.  ECF No. 1 at 5.  Plaintiff claims that his back was black and blue within 15 minutes and that he also injured his right upper leg.  Supplement, ECF No. 3-1 at 3.  He disputes the assertion that force was necessary as the officers "had no reason till on the way back to the cell I kicked Officer Trader in the groin."  ECF No. 8 at 1.  Although Plaintiff acknowledges that he was seen by medical personnel after the incident, he states that they only took pictures of his face, and no other injuries.  ECF No. 1 at 5.  Despite Plaintiff's insistence that his other injuries should be documented and Lt. Dickerson's reassurance that more pictures would be taken, no one came to take more pictures. *Id*.

Plaintiff claims that on an unidentified date after this incident, Officer Moore entered his cell and said that if Plaintiff "sucked his dick" he "wouldn't write [him] a ticket for the home made wine in [his] cell."  ECF No. 3-1 at 3.  Plaintiff states that he refused Officer Moore, who later came back with two new officers to take his wine.  *Id*.  Plaintiff claims he filed a claim pursuant to the Prison Rape Elimination Act ("PREA") and spoke to Ms. Fernel, Mr. Richard Blevens, and MCO Ms. Stevens, but he states he did not receive any follow-up.  *Id*.  He alleges that he faces "sexual abuse of harassment to this day" despite asking Sgt. Preston, Lt. Taylor, and Lt. Davis to move Officer Moore to a different block. ECF No. 8 at 2.

**B. Defendants' Response**

According to the Defendants, Officer Moore conducted a search of Plaintiff's cell due to "the strong odor of fermented fruits coming from this particular cell." Affidavit of Correctional Officer Craig Moore, ECF No. 16-3 at 1. Officer Moore, Sgt. Preston, and Officers Johnson, Dashiell, and Doyle entered the cell. *Id*. Sgt. Preston ordered Plaintiff to give Sgt. Preston the cup in his hand, but Plaintiff responded, "fuck you, Preston, I'm going to keep drinking while I'm here." *Id*. at 2. Because Sgt. Preston believed the cup contained homemade alcohol, he attempted to take the cup, at which time Plaintiff "stood up from his desk and took an aggressive stance towards Sergeant Preston and attempted to grab the cup back." *Id*. In response, Officers Moore and Johnson "took Plaintiff to the ground" and did not punch him. *Id*. The Defendants state that Plaintiff did not lose consciousness but appeared to be under the influence of alcohol. *Id*. The officers handcuffed Plaintiff, escorted him into the hallway, and then retrieved "fermented juices, hoarded medication and several powder-like substances" from the cell. *Id*. Medical staff cleared Plaintiff, and he was carried to his cell when he refused to walk. *Id*. Plaintiff kicked Officer Trader in the groin. *Id*. As a result of this incident, Plaintiff had "a mild bruise on the left side of his face and some abrasions on his back." *Id*.

**C. Procedural History**

Plaintiff filed suit on September 24, 2021. Plaintiff then supplemented the Complaint on December 2, 2021, and January 31, 2022. ECF No. 3; ECF No. 8; ECF No. 9. Although Plaintiff was required to move for leave to amend the Complaint after the initial supplement on December 2, *see* Fed. R. Civ. P. 15(a), because Defendants had not yet filed their responsive motions, and because Plaintiff is proceeding *pro se*, the Court will consider Plaintiff's supplemental pleadings here.

Plaintiff also filed a Motion to Appoint Counsel on December 21, 2021, which was denied on February 2, 2022.  ECF No. 7; ECF No. 10.  He filed another Motion to Appoint Counsel on February 4, 2022.  ECF No. 11.  Additionally, Plaintiff filed a Motion for Discovery and a Motion for Modification of Injunction into a Preliminary Injunction and Temporary Restraining Order. ECF No. 13; ECF No. 14.

On March 14, 2022, the Court received correspondence from Plaintiff stating that he would be released from WCDC on March 17, 2022.  Notice of Change of Address, ECF No. 15.

## II.     PLAINTIFF'S MOTIONS

### A. Plaintiff's Motion to Appoint Counsel

Even though Plaintiff's initial Motion to Appoint Counsel was denied, he filed a second motion on February 4, 2022.  He claims that his mental disabilities, lack of education, and inability to pay an attorney present special difficulties in this lawsuit.  Motion to Appoint Counsel, ECF No. 11.  Plaintiff asserts that access to counsel is especially important in this case because he desires discovery, depositions from prison officials, "documents that me being a prisoner I am not allowed to have," and cross examinations.  *Id*.

The Court "may request an attorney to represent any person" proceeding *in forma pauperis* who is "unable to afford counsel."  28 U.S.C. § 1915(e)(1).  In civil actions, however, the Court appoints counsel only in exceptional circumstances.  *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  There is no absolute right to appointment of counsel.  *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).  The Court considers "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim.  *See id.*

Exceptional circumstances include a litigant who "is barely able to read or write," *id.* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F.Supp.2d 717, 723 (E.D.Va. 2008); *see also Altevogt v. Kirwan*, No. WDQ-11-1061, 2012 WL 135283, at *2 (D. Md. Jan. 13, 2012).

Here, there is no evidence of exceptional circumstances.  Plaintiff does not raise a complex suit and he is not uniquely unable to present his case.  After reviewing Plaintiff's filings in this case, the Court finds that he has adequately presented his claims.  And, as his case is not proceeding, appointment of counsel is not warranted.  Plaintiff's motion shall therefore be denied.

Plaintiff has also filed a Motion for Discovery.  As no scheduling order has been entered and there has been no order issued by the court with respect to discovery, defendants are not obliged to engage in discovery in this case.  *See* Local Rule 104.4 (D. Md. 2021).  Therefore, his motion will be denied.

Finally, Plaintiff filed a Motion for Modification of Injunction into a Preliminary Injunction and Temporary Restraining Order.  ECF No. 14.  Because he has been released from WCDC custody, he is no longer subject to the alleged denial of medical care or verbal harassment.  Consequently, Plaintiff's claims for injunctive relief are moot, and his motion shall be denied.

## III.     STANDARD OF REVIEW

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006).  The burden falls on the moving party to demonstrate that no genuine dispute exists as to material facts.  *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).  If the moving party shows that there is no evidence to support the nonmoving party's case, the burden

shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23.

A material fact is one "that might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248-49. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). The Court may only rely on facts supported in the record, not assertions in the pleadings, to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

While the Court may rule on a motion for summary judgment prior to commencement of discovery, *see, e.g.*, *Demery v. Extebank Deferred Comp. Plan (B)*, 216 F.3d 283, 286 (2d Cir. 2000), Federal Rule of Civil Procedure 56(d) "mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (internal citation and quotation marks omitted). To obtain Rule 56(d) relief, the non-moving party bears the burden of demonstrating how discovery "could possibly create a genuine issue of material fact sufficient … to survive summary judgment, or otherwise affect the court's analysis." *Poindexter v. Mercedes-*

*Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015) (internal citation and quotation marks omitted).

## IV.   DISCUSSION

### A.   WCDC

As a preliminary matter, WCDC is not a "person" subject to suit under 42 U.S.C. § 1983. Section 1983 states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis supplied).  Courts have consistently dismissed claims brought against correctional facilities themselves on the basis that they are not people and cannot be held liable under § 1983.  *See, e.g.*, *Petrovia v. Prime Care Med. Inc.*, No. CV RDB-20-2522, 2021 WL 307414, at *2 (D. Md. Jan. 29, 2021) (finding BCDC is not a person subject to suit under § 1983); *Clark v. Montgomery Cty. Corr. Facility*, No. CV ELH-20-1194, 2020 WL 7129324, at *4 (D. Md. Dec. 4, 2020) (holding Montgomery County Correctional Facility is not a person).  As such, Plaintiff's claims against WCDC are dismissed.

### B.   Excessive Force

At the time of the incident giving rise to this case, Plaintiff was a pretrial detainee in WCDC, awaiting a violation of probation hearing.  ECF No. 16-2 at 3.  Accordingly, his claims are analyzed under the Fourteenth Amendment.  *See Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001); *Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992).  "The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment." *Barnes v. Wilson*, 110 F.Supp.3d 624,

629 (D. Md. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  Indeed, "[d]ue process rights of a pretrial detainee are at least as great as the eighth amendment protections available to a convicted prisoner."  *Hill*, 979 F.2d at 991.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein,* 825 F.3d 206, 218 (4th Cir. 2016).  Notably, it "proscribes more than physically barbarous punishments."  *Estelle*, 429 U.S. at 103.  The Eight Amendment "embodies" the "'concepts of dignity, civilized standards, humanity, and decency . . .'"  *Id.* (citation omitted).  Thus, it "protects inmates from inhumane treatment and conditions while imprisoned."  *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *cf. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 989 U.S. 189, 199-200 (1989) (stating that when a state holds a person "against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being"); *John Doe 4 v. Shenandoah Valley Juvenile Center Comm'n*, 985 F.3d 327, 338-39 (4th Cir. 2021).

The Fourth Circuit has determined that "not all Eighth Amendment violations are the same; while some constitute 'deliberate indifference' others constitute 'excessive force.'"  *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986)).  Here, Plaintiff claims that Officer Moore used excessive force when Officer Moore punched him in the face and caused him to fall, injuring his back and leg.

Whether a prison official used excessive force is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  The Court must look at the necessity

for the application of force, the relationship between that need and the amount of force applied, the extent of the injury inflicted, the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials, and any efforts made to temper the severity of the response. *Whitley*, 475 U.S. at 321.  The absence of significant injury, alone, is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010).  While the extent of injury incurred is one factor in determining the necessity of force in a particular situation, if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.* at 38.

The record reflects that during the incident at issue, Plaintiff refused to comply with instructions and began using aggressive language, as well as an aggressive stance.  Officer Moore thus responded by taking Plaintiff down and placing him in handcuffs.  Contrary to Plaintiff's assertion, Plaintiff was a threat not only when he kicked Officer Trader, but also when he "took an aggressive stance towards Sgt. Preston and attempted to grab the cup back."  ECF No. 16-1 at 2.  Moreover, Plaintiff did not lose consciousness when he was on the ground.  Therefore, Officer Moore acted reasonably to secure Plaintiff and retrieve the unauthorized substances in his cell.  There is no evidence of significant injury, as Plaintiff was cleared by the medical staff following the incident.  In sum, Officer Moore used force in a good faith effort to maintain discipline, thus entitling him to summary judgment on this claim.

### C. Harassment Claim

Regarding Plaintiff's allegation that he was threatened with sexual assault, he fails to state a valid claim.  Verbal abuse of inmates by guards, without more, does not establish an Eighth Amendment violation. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979).  Specifically, "[a]lthough prisoners have a right to be free

from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth

Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Jackson*

*v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (per curiam) (quoting *Austin v. Terhune*, 367 F.3d

1167, 1171 (9th Cir. 2004)).

## V.   CONCLUSION

For the foregoing reasons, County Defendants' Motion is granted and Plaintiff's Motions

are denied.  Plaintiff's claims against the "Administrator of Medical" and Well-Path are dismissed

without prejudice.  A separate Order follows.


Date:  7/15/2022                                      __/s/_____
                                                     GEORGE J. HAZEL
                                                     United States District Judge